UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PATRICIA ARNOLD,

               Plaintiff,

v.

TOWN OF CAMILLUS, NEW YORK; POLICE CHIEF THOMAS WINN; CAPTAIN JAMES NIGHTINGALE; TOWN SUPERVISOR MARY ANN COOGAN; DAVID CALLAHAN; JOY FLOOD; DICK GRIFFO; STEVEN JAMES; MIKE LaFLAIR; MARY LUBER; and JOHN DOE(S) AND JANE DOE(S), in their individual and official capacities as officials, officers, agents, employees, and/or representatives of the TOWN OF CAMILLUS and/or THE CAMILLUS POLICE DEPARTMENT,

               Defendants.

**JOINT NOTICE OF REMOVAL**

5:20-cv-1364 (MAD/ML)

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446, all Defendants - Town of Camillus, New York; Police Chief Thomas Winn; Captain James Nightingale; Town Supervisor Mary Ann Coogan; David Callahan; Joy Flood; Dick Griffo; Steven James; Mike LaFLair; Mary Luber, ("Defendants") – by their attorneys Bond, Schoeneck & King, PLLC, hereby give notice of the removal of this matter from the Supreme Court of the State of New York, Onondaga County, Index No. 006548/2020, to the United States District Court for the Northern District of New York. In support of this notice, Defendants state:

## NATURE OF THE ACTION

    1.    On or about October 13, 2020, Plaintiff Patricia Arnold ("Plaintiff"), commenced this action by filing a Complaint in the Supreme Court of the State of New York in Onondaga County, New York captioned:

PATRICIA ARNOLD, Plaintiff, v. TOWN OF CAMILLUS, NEW YORK; POLICE CHIEF THOMAS WINN; CAPTAIN JAMES NIGHTINGALE; TOWN SUPERVISOR MARY ANN COOGAN; DAVID CALLAHAN; JOY FLOOD; DICK GRIFFO; STEVEN JAMES; MIKE LaFLAIR; MARY LUBER; and JOHN DOE(S) AND JANE DOE(S), in their individual and official capacities as officials, officers, agents, employees, and/or representatives of the TOWN OF CAMILLUS and/or THE CAMILLUS POLICE DEPARTMENT, Defendants.

A true and correct copy of the Summons and Complaint is attached as **Exhibit A**.

2. All Defendants were served with a copy of the Summons and Complaint on October 15, 2020. Affidavits of Service are attached as **Exhibit B**.

3. Plaintiff alleges, among other things, that while in the employ of Town of Camillus she was subject to gender discrimination, sexual harassment, and retaliation in violation of the New York State Human Rights Law. Plaintiff also alleges various tort claims against all Defendants. Finally, Plaintiff alleges claims under 42 U.S.C. § 1983 against all Defendants.

4. In addition to filing the Complaint, Plaintiff also filed the following papers with the Supreme Court:

   a. Notice of Motion;

   b. Memorandum of Law in Support of Plaintiff's Motion for Declaratory Relief and for Leave to Serve a Late Notice of Claim;

   c. Plaintiff's Affidavit in Support of Motion for Leave to Serve a Late Notice of Claim; and

   d. Attorney Affirmation.

5. No other pleadings/papers have been served upon Defendants.

## THE COURT HAS JURISDICTION

6. The above-captioned action is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint alleges

multiple claims under 42 U.S.C. § 1983 against all Defendants. This action thus arises under the laws of the United States.

7. This action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441 (a) without regard to the citizenship of the parties or the amount in controversy.

## DEFENDANTS HAVE SATISFIED THE
## PROCEDURAL REQUISITES FOR REMOVAL

8. Venue is proper in this Court because it is part of the "district and division embracing the place where" this action was filed – Onondaga County, New York. 28 U.S.C. § 1446(a).

9. Removal is timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day time period to remove an action begins to run from the date of formal service). Plaintiff filed her Complaint on October 13, 2020. All Defendants were served on October 15, 2020. See **Exhibit B**. Defendants' time to answer or move with respect to the Complaint has not expired. Defendants have not yet filed an Answer to Plaintiff's Complaint.

10. All named Defendants consent to the removal of this case. See **Exhibit C**.

11. In accordance with 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit A**.

12. In accordance with 28 U.S.C. § 1446 and the Federal Rules of Civil Procedure, Defendants will promptly: (a) file a true and correct copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York for Onondaga

County; (b) serve a true and correct copy of this Notice of Removal on Plaintiff; and (c) file with this Court a Certificate of Service and Notice to Adverse Parties of Removal to Federal Court.

13. By filing this Notice of Removal, Defendants do not waive any defense, counterclaim, argument, or principle of equity which may be available to it.

### RELIEF REQUESTED

14. It is respectfully requested that the United States District Court for the Northern District of New York accept this Notice of Removal and that it assume jurisdiction of this action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial.

Dated: November 4, 2020

BOND, SCHOENECK & KING, PLLC

By: /s/ Kseniya Premo, Esq.
David M. Ferrara, Esq.
Kseniya Premo, Esq.
Office and P.O. Address
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000
Facsimile: (315) 218-8100
Email: dferrara@bsk.com
kpremo@bsk.com

*Attorney for Defendants*

3630136.1 11/2/20203630136.1