# Exhibit A

FILED: ONONDAGA COUNTY CLERK 10/13/2020 03:35 PM   INDEX NO. 006548/2020
NYSCEF DOC. NO. 1                                  RECEIVED NYSCEF: 10/13/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA

---

PATRICIA ARNOLD,

                Plaintiff,

v.

TOWN OF CAMILLUS, NEW YORK; POLICE CHIEF THOMAS WINN; CAPTAIN JAMES NIGHTINGALE; TOWN SUPERVISOR MARY ANN COOGAN; DAVID CALLAHAN; JOY FLOOD; DICK GRIFFO; STEVEN JAMES; MIKE LaFLAIR; MARY LUBER; and JOHN DOE(S) and JANE DOE(S), in their individual and official capacities as officials, officers, agents, employees, and/or representatives of the TOWN OF CAMILLUS and/or the CAMILLUS POLICE DEPARTMENT,

                Defendants.

**SUMMONS**

Plaintiff designates Onondaga County as the place of trial.

---

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on Plaintiff's attorney within twenty (20) days after service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded below.

    Venue is based upon CPLR § 504(2).

Dated: October 12, 2020
at Blossvale, NY

A.J. Bosman, Esq.
Bosman Law, L.L.C.
*Attorneys for Plaintiff*
Office and Post Office Address
3000 McConnellsville Road
Blossvale, New York 13308
Telephone: (315) 820-4417

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA

---

PATRICIA ARNOLD,

                Plaintiff,

     v.

TOWN OF CAMILLUS, NEW YORK; POLICE CHIEF THOMAS WINN; CAPTAIN JAMES NIGHTINGALE; TOWN SUPERVISOR MARY ANN COOGAN; DAVID CALLAHAN; JOY FLOOD; DICK GRIFFO; STEVEN JAMES; MIKE LaFLAIR; MARY LUBER; and JOHN DOE(S) and JANE DOE(S), in their individual and official capacities as officials, officers, agents, employees, and/or representatives of the TOWN OF CAMILLUS and/or the CAMILLUS POLICE DEPARTMENT,

                Defendants.

**COMPLAINT**

Jury Trial Demanded

---

Plaintiff, PATRICIA ARNOLD, by and through her undersigned counsel, as and for a Complaint against Defendants, TOWN OF CAMILLUS, NEW YORK; POLICE CHIEF THOMAS WINN; CAPTAIN JAMES NIGHTINGALE; TOWN SUPERVISOR MARY ANN COOGAN; DAVID CALLAHAN; JOY FLOOD; DICK GRIFFO; STEVEN JAMES; MIKE LaFLAIR; MARY LUBER; and JOHN DOE(S) and JANE DOE(S), in their individual and official capacities as officials, officers, agents, employees, and/or representatives of the TOWN OF CAMILLUS and/or the CAMILLUS POLICE DEPARTMENT, states as follows:

### INTRODUCTION

1. The nature of this action is one which seeks to recover money damages as a result of the intentional, reckless, negligent, and/or grossly neglectful conduct of the Defendants herein. Plaintiff has been subjected to violations of her rights under the Constitution and the laws of the United States

-1-

and State of New York.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to the Constitution and laws of the State of New York and the United States of America.

3. Venue is proper in Onondaga County pursuant to CPLR 504(2).

## PARTIES

4. Plaintiff Patricia Arnold is a female citizen of the United States and resident of the County of Onondaga and State of New York. She was at all times relevant herein an employee or former employee (Police Officer) of the Camillus Police Department since 2011.

5. Defendant, Town of Camillus is a municipal corporation organized and existing under the laws of the State of New York and at all relevant times had its principal place of business at 4600 West Genesee Street, Syracuse, New York 13219. At all times relevant hereto, this Defendant employed Plaintiff and the hereinbefore named individual Defendants. Defendant Town of Camillus is by law responsible for the wrongdoing of officers and employees of the Town of Camillus Police Department and by law responsible for the direct participation and endorsement of the unconstitutional and unlawful customs, policies, and practices of the other Defendants. This Defendant was also aware, through its officers, legislators, and agents, of the long-standing unlawful customs, policies and practices of the other named Defendants, and deliberately and/or negligently failed to take action to correct the unlawful customs, policies and practices of the other Defendants.

6. At all times relevant to this Complaint, Defendant Thomas Winn, was the duly appointed Chief of the Defendant Town of Camillus Police Department.

7. At all times relevant hereto, Defendant, James Nightingale was a duly appointed Sergeant or Captain of the Town of Camillus Police Department.

8. At all times relevant hereto, Defendant Mary Ann Coogan, was the duly elected Town Supervisor of Defendant, Town of Camillus.

9. At all times relevant hereto, Defendants David Callahan, Joy Flood, Dick Griffo, Steven James, Mike LaFlair, and Mary Luber were members of the Camillus Town Board.

10. Defendants Winn, Nightingale, Coogan, Callahan, Flood, Griffo, James, LaFlair, and Luber had the power to make personnel decisions regarding Plaintiff's employment and, as such, are Plaintiff's employers. Further, said Defendants are responsible, by law, for enforcing the rules and regulations of the State of New York and Town of Camillus and for insuring that employees of the Police Department obey the laws of the State of New York and the United States. Additionally, Defendants Winn, Coogan, Callahan, Flood, Griffo, James, LaFlair, and Luber are responsible for, among other things, the training, supervision, discipline and conduct of the other named Defendant, Nightingale.

11. All of the above-named Defendants are responsible for the establishment and perpetuation of a hostile work environment and the discriminatory and retaliatory policies, customs, practices, and habits of the Camillus Police Department. Defendants also aided and abetted the unlawful conduct described herein. Each Defendant is equally responsible and legally accountable for the unlawful conduct of the others and their actions or failures to intercede and prevent the discriminatory and retaliatory conduct.

12. During all times mentioned in this Complaint, Defendants were acting under color of law, namely, under color of the Constitution, statutes, laws, charters, ordinances, rules,

regulations, customs, and usages of the State of New York and the Town of Camillus in the State of New York.

## CONDITIONS PRECEDENT

13. Plaintiff has brought the instant lawsuit simultaneously with an application for declaratory relief and leave to serve a late Notice of Claim, in accordance with General Municipal Law § 50-e(5). General Municipal Law § 50-e(5) provides, in relevant part: "An application for leave to serve a late notice shall not be denied on the ground that it was made after commencement of an action against the public corporation."

## FACTS

14. This Complaint is in all respects based upon past, continuing, and ongoing harm and injury caused by Defendants through their discriminatory and retaliatory acts and policies. Such acts and polices are illegally imposed on Plaintiff by Defendants employing and endorsing a policy which treats women as second class citizens and excludes women from certain assignments, training, positions of visibility, authority, and power, or denies and delays women assignments, training, or transfers which lead to supervisory and management opportunities while affording them to male counterparts. Denying women access to these assignments, training, and positions leads to lower pay and fewer benefits.

15. Plaintiff was employed by Defendants from 2011 through August 8, 2019. Plaintiff's position was Police Officer. Plaintiff is female and her protected status is known to the Defendants.

16. During her employment, Plaintiff was subjected to a campaign of harassment on the basis of her gender and retaliation for her opposition to unlawful and discriminatory treatment.

-4-

This discrimination, harassment and retaliation caused her emotional, psychological, and physical distress that gives rise to the instant lawsuit.

17. Beginning in or about 2011, Defendant, then-Sergeant James Nightingale made disparaging comments on the basis of Plaintiff's gender, starting an almost decade-long campaign of harassment. Nightingale continued to harass Plaintiff in the form of inappropriate and uninvited touching of her arms, shoulders, and back. This was frequent enough to become a running joke among coworkers. Additionally, as a supervisor, Nightingale subjected Plaintiff to disparate treatment by denying overtime, instruction, and training opportunities that were afforded to less-qualified male officers.

18. Plaintiff made Chief Thomas Winn aware of Nightingale's sexual harassment and discriminatory denial of opportunities during a February 2018 meeting. She expressed fear of retaliation from Nightingale and declined to file a formal complaint at that time. Plaintiff told Winn that it was her hope that he would address Nightingale's behavior without her having to make a formal complaint. He declined.

19. After the February 2018 meeting, Plaintiff continued to be subjected to a hostile work environment caused by Nightingale's treatment. The inappropriate touching continued and was frequently joked about by coworkers. In Summer 2018, Plaintiff instructed a sexual harassment training, but was only permitted to instruct female secretaries. During this training session, Nightingale entered the room, interrupted Plaintiff, and prematurely ended the instruction. Male officers were not so limited in their opportunities to instruct or interrupted as such.

20. Plaintiff was required to attend an August 28, 2018 ceremony to celebrate Nightingale's promotion to Captain. This caused Plaintiff significant stress and discomfort

-5-

because Winn knew of Nightingale's behavior towards her but still gave him a substantial promotion that bypassed the rank of Lieutenant altogether. Further distressing, as Captain, Nightingale would be in charge of Internal Affairs, which meant that he would be responsible for investigating claims of harassment. The decision to promote Nightingale signaled to Plaintiff that the inappropriate touching and discrimination would never be addressed; the sexual harassment continued with no one to complain to.

21. Plaintiff met with Chief Winn in January 2019 and again reported Nightingale's harassment and discrimination. When she stated her intention to file a formal complaint of discrimination and harassment this time, Winn became hostile and aggravated. His behavior and demeanor signaled to her that he did not support her and did not want her to file the complaint.

22. Plaintiff submitted a written statement to the Chief on February 6, 2019 recounting six instances of sexual harassment by Nightingale and included three witnesses. Winn was again hostile toward her and intimidated her into declining the opportunity to have Town Supervisor Mary Ann Coogan investigate the allegations instead of himself. He stated that Supervisor Coogan was aware of Plaintiff's allegations.

23. Approximately two weeks later, Winn met with Plaintiff to inform her that Nightingale had acknowledged the complained of behavior. However, Winn did not speak with any of Plaintiff's witnesses; talking to Nightingale was the beginning and end of the investigation. The Chief permitted Plaintiff to avoid contact with Nightingale going forward, but did little if anything to discipline the offender. He told her that he had advised Nightingale to keep this to himself and asked Plaintiff who else she had told. It is clear that Chief Winn was more concerned with minimizing the incidents and protecting Nightingale's reputation than

protecting Plaintiff and others from unrelenting sexual harassment and discrimination.

24. The hostile work environment continued as Plaintiff was forced to continue working with Captain Nightingale and Chief Winn with the knowledge that no action would be taken to protect her from further adverse treatment. The associated anxiety and dread caused her tightness in her chest and insomnia. Ultimately, Plaintiff was forced to resign from Camillus PD on August 8, 2019 to escape this hostility and protect her health.

25. In July 2019, prior to her resignation, Plaintiff notified PBA President Jay Pollard that she was leaving Camillus PD due to Chief Winn and the Department's lack of investigation or other adequate response to her complaints about Nightingale. Pollard and the PBA Executive Board began investigating other complaints about Nightingale's behavior. On March 4, 2020, Pollard met with Town Supervisor Coogan who was again made explicitly aware of her harassment complaints and the other complaints uncovered by the PBA's investigation.

26. Plaintiff subsequently, on March 11, 2020, met with Supervisor Coogan herself for an "exit interview" at Camillus Town Hall conducted at the request of the PBA. Also present at this meeting was Town Board member Joy Flood. In response to her questioning regarding why Plaintiff left the department, she once again recounted the harassment she faced, her complaints to Chief Winn, her formal harassment complaint, and Winn's subsequent sham "investigation." Notably, Coogan acknowledged that she was aware of Plaintiff's original complaint in 2018. At least three times during this interview, Coogan and Flood attempted to stop Plaintiff from continuing; they did not appear to genuinely want to know the details of what she had faced.

27. On July 13, 2020, due to Coogan's refusal to meet, the PBA wrote a letter

demanding the Town Board take action on the substantial misconduct uncovered within Camillus PD. Coogan, on July 15, met with Pollard and agreed to have an outside firm investigate these allegations. The Town hired Phillip J. LeRoux of Affirmed H.R. Consulting, LLC to conduct this investigation.

28. The acts of Defendants have caused Plaintiff extreme anxiety, stress, fear, sleeplessness, concern, headaches, stomach upset, tension, nervousness, pain, insomnia, damage to her name and reputation, and other injury.

29. At all times mentioned in this Complaint, Defendants acted both individually and/or jointly and in concert with each other. Each Defendant had the duty and the opportunity to protect Plaintiff from the unlawful actions of the other Defendants but each Defendant failed and/or refused to perform such duty, thereby proximately contributing to and causing Plaintiff's injuries.

30. Plaintiff is a civil service employee and a member of the Union. Such employees are protected by the contract in effect entered into by the Town of Camillus with its employees. This contract, which governs, *inter alia*, employees' work schedules, overtime compensation, and assignments, provides for the fair and equal treatment in matters of pay and terms of employment without regard to gender, race, age, or other classification.

31. These actions are in violation of the New York State Human Rights Law and laws preventing discrimination and violation of civil rights. The Defendants have participated in and maintained a long standing practice, custom and policy of discrimination against women.

32. The Defendants foster an atmosphere of discrimination, retaliation, hostility, and harassment based upon sexual factors. Such treatment was and has been known to occur for

years and the Defendants have deliberately, recklessly, and/or negligently participated in such acts and/or failed to cease and discourage such practices. Despite knowledge of this behavior, Defendants have deliberately and/or recklessly failed to correct, cease, or otherwise remedy such practices.

33. Instead, Defendants have encouraged, approved, continued, expanded, concealed, perpetuated, and participated in said hostile, illegal, and unconstitutional practices to Plaintiff's detriment and injury.

34. By acting as described above, Defendants acted with malice or with reckless disregard for Plaintiff's rights, causing her to suffer embarrassment, humiliation, degradation, anxiety, stress, loss of pay, loss of benefits, harm to reputation and good name, insomnia, anger, family discord, headaches, stomach upset, nervousness, loss of appetite, and pain. Such acts by Defendants have injured Plaintiff, subjected her to extreme emotional harm, and she is entitled to compensation therefor.

## AS AND FOR A FIRST CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

35. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 34 above.

36. Defendants violated rights guaranteed to Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that she was subjected to discrimination, including disparate treatment, a hostile work environment and constructive discharge, because of gender.

37. With respect to the named municipal Defendant, the actions and omissions as

-9-

aforementioned constitute municipal policy because they are the actions and omissions of final policy making officials of the Town of Camillus. In addition, said municipal Defendant created, maintained and/or fostered a custom, policy or practice of discrimination thereby causing Plaintiff injury and harm. Finally, said municipal Defendant failed to adequately train officers and supervisors on the rights of employees to be free from discrimination and retaliation.

38. Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions.

## AS AND FOR A SECOND CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

39. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 38 above.

40. Defendants violated rights guaranteed to Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that she was subjected to retaliation, including disparate treatment, a hostile work environment and constructive discharge, because of her opposition to gender discrimination and retaliation.

41. With respect to the named municipal Defendant, the actions and omissions as aforementioned constitute municipal policy because they are the actions and omissions of final policy making officials of the Town of Camillus. In addition, said municipal Defendant created, maintained and/or fostered a custom, policy or practice of discrimination thereby causing Plaintiff injury and harm. Finally, said municipal Defendant failed to adequately train officers and supervisors on the rights of employees to be free from discrimination and retaliation.

FILED: ONONDAGA COUNTY CLERK 10/13/2020 03:35 PM
NYSCEF DOC. NO. 2

INDEX NO. 006548/2020
RECEIVED NYSCEF: 10/13/2020

42. Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions.

### AS AND FOR A THIRD CAUSE OF ACTION
### PURSUANT TO THE NYS HUMAN RIGHTS LAW
### AGAINST ALL DEFENDANTS

43. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 42 above.

44. Defendants violated rights guaranteed to Plaintiff under the Human Rights Law of the State of New York in that Plaintiff was subjected to discrimination, including disparate treatment, a hostile work environment and constructive discharge, because of gender.

45. Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions.

### AS AND FOR A FOURTH CAUSE OF ACTION
### PURSUANT TO THE NYS HUMAN RIGHTS LAW
### AGAINST ALL DEFENDANTS

46. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 45 above.

47. Defendants violated rights guaranteed to Plaintiff under the Human Rights Law of the State of New York in that Plaintiff was retaliated against for opposing discrimination.

48. Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR INTENTIONAL
### AND/OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS
### AGAINST DEFENDANT NIGHTINGALE

49. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 48 above.

50. Defendant engaged in extreme and outrageous conduct as demonstrated by his actions set forth above.

51. Upon information and belief, Defendant intended to cause Plaintiff severe emotional distress. Alternatively, Defendant disregarded a substantial probability that his conduct would cause severe emotional distress.

52. As a direct and proximate result of Defendant's extreme and outrageous conduct, Plaintiff has suffered severe emotional distress for which she has sought and received medical treatment and is entitled to compensation therefor.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST DEFENDANTS NIGHTINGALE AND WINN FOR TORTIOUS INTERFERENCE

53. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 52 above.

54. By their aforementioned actions and omissions, Defendants intentionally interfered with Plaintiff's employment with the Town of Camillus.

55. As a result, Plaintiff sustained damages as aforementioned.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### AGAINST DEFENDANTS NIGHTINGALE AND WINN FOR PRIMA FACIE TORT

56. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 55 with the same force and effect as if set forth fully herein.

57. Defendants intended to inflict harm upon the pecuniary interests of the Plaintiff by

engaging in the aforementioned actions and omissions.

58. Defendants had no justification or excuse to act in such manner and their actions and/or omissions were unlawful.

59. The aforesaid acts and/or omissions of Defendants were intended to cause harm and injury to Plaintiff and, as a result, Plaintiff has suffered damages in the form of a reduction in wages and benefits, including a uniform allowance, time-off, and longevity pay (totaling approximately $6,000 for the year 2020) and is entitled to recover for those injuries and damages as previously set forth herein.

**WHEREFORE**, the Plaintiff seeks judgment against the Defendants, jointly and severally, as follows:

    a. an Order enjoining the Defendants from further violating Plaintiff's rights;

    b. compensatory damages in an amount to be determined at trial (said amount exceeding the jurisdiction of all lower courts);

    c. punitive damages as against the individuals in an amount to be determined at trial (said amount exceeding the jurisdiction of all lower courts);

    d. attorneys' fees, costs and disbursements of this action;

    e. declaratory relief finding that a Notice of Claim is not required for Plaintiff's Human Rights Law claims and also that each Defendant violated Plaintiff's rights; and

    f. such other and further relief the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated: October 12, 2020
at Blossvale, New York

*/s/*
A.J. Bosman, Esq.
Bosman Law, L.L.C.
*Attorneys for Plaintiff*
Office and Post Office Address
3000 McConnellsville Road
Blossvale, New York 13308
Telephone: (315) 820-4417