

One Lincoln Center | Syracuse, NY 13202-1355 | bsk.com

KSENIYA PREMO, ESQ.
kpremo@bsk.com
P: 315.218.8171
F: 315.218.8100

June 25, 2021

**VIA ELECTRONIC MAIL**

Hon. Miroslav Lovric
U.S. Magistrate Judge
U.S. District Court, Northern District of New York
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

Re:   *Arnold v. Town of Camillus, et al.*
      Civil Action No. 5:20-cv-01364 (MAD/ML)

Dear Judge Lovric,

On April 12, 2021, the Court held a telephonic conference with the parties in the above-referenced action. Thereafter, the Court issued a Text Order directing that the "parties shall file a status report regarding the progress of the litigation" (ECF Doc. 27). We submit this letter on behalf of the Defendants in accordance with the Court's order.

**Mandatory Mediation.**  The parties selected Ira Lobel to serve as a Mediator for this Action. The mediation is scheduled for September 20, 2021.

**Dunton Order.**  Defendants complied with the Dunton Order before the deadline set in the Order.

**Discovery.**  The Defendants served their First Request for Production of Documents on May 24, 2021. The Plaintiff has not served any discovery requests to date. The parties have scheduled Plaintiff's deposition for September 13, 2021.

**Plaintiff's Motion for Reconsideration**.  Plaintiff filed her initial Complaint in the Onondaga County Supreme Court. Defendants timely removed Plaintiff's Complaint to the Federal Court. Plaintiff opposed Defendant's motion to remove. In a written Memorandum-Decision and Order dated February 1, 2021, this Court granted in part and denied in part Plaintiff's motion to remand her state law claims to the Onondaga County Supreme Court. Specifically, the Court remanded Plaintiff's state law tort claims for a determination as to whether Plaintiff's motion for leave to serve a late Notice of Claim under General Municipal Law § 50-e(5) should be granted. Indeed, there was no dispute that Plaintiff's motion for leave to serve a late Notice of Claim pursuant to § 50-e(5) should

be remanded, and Defendants were willing to stipulate to as much. With respect to Plaintiff's claims brought pursuant to the New York State Human Rights Law ("NYSHRL"), the Court denied Plaintiff's motion to remand and held that dismissal of the NYSHRL claims was warranted in light of Plaintiff's noncompliance with Town Law § 67.

The Court correctly reasoned that, with respect to her NYSHRL claims, Plaintiff was required to comply with the Notice of Claim requirements set forth in Town Law § 67, and because of Plaintiff's noncompliance, her NYSHRL claims were subject to dismissal. The Court further reasoned that to remand Plaintiff's NYSHRL claims would accomplish nothing more than to "require the parties to relitigate the issue before the Onondaga County Supreme Court while ultimately ending with the same result." Decision and Order, at 10, *Arnold v. Town of Camillus et al.*, 2021 WL 326886 (Dkt. No. 15) (N.D.N.Y. Feb. 1, 2021).

Plaintiff filed a motion for reconsideration on February 3, 2021. Defendants filed their opposition on February 23, 2021 and Plaintiff submitted her reply papers on February 25, 2021. Plaintiff's motion for reconsideration remains pending.

**Settlement Negotiations**. The parties have not engaged in settlement negotiations.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

*/s/ Kseniya Premo*

Kseniya Premo
KP/mam

cc:    AJ Bosman, Esq. (via CM/ECF)
       David M. Ferrara, Esq. (via CM/ECF)