UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PATRICIA ARNOLD,

                                    **Plaintiff,**

  vs.

                                                                **5:20-cv-1364
(MAD/ML)**

**TOWN OF CAMILLUS, NEW YORK,
THOMAS WINN,** *Camillus Police
Chief*, **JAMES NIGHTINGALE,**
*Camillus Police Captain*, **MARY ANN
COOGAN,** *Camillus Town Supervisor,*
**DAVID CALLAHAN, JOY FLOOD,
DICK GRIFFO, STEVEN JAMES, MIKE
LaFLAIR MARY LUBAR, JOHN DOES(S),
JANE DOES(S),**

                                    **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **BOSMAN LAW FIRM, LLC** | **AJ BOSMAN, ESQ.** |
| 3000 McConnellsville Road | |
| Blossvale, New York 13308 | |
| Attorneys for Plaintiff | |
| | |
| **BOND, SCHOENECK & KING, PLLC** | **DAVID M. FERRARA, ESQ.** |
| One Lincoln Center | **KSENIYA PREMO, ESQ.** |
| Syracuse, New York 13202-1355 | |
| Attorneys for Defendants | |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff, Patricia Arnold, filed this action in the Onondaga County Supreme Court, on October 13, 2020. Dkt. No. 1 at ¶ 1. Plaintiff asserted claims for discrimination on the basis of her gender and retaliation in violation of 42 U.S.C. § 1983 and the New York State Human Rights Law against Defendants Town of Camillus, New York; Camillus Police Chief Thomas Winn; Camillus Police Captain James Nightingale; Town Supervisor Mary Ann Coogan; Camillus Town Board members David Callahan, Joy Flood, Dick Griffo, Steven James, Mike LaFlair, and Mary Lubar; John Doe(s); and Jane Doe(s). Dkt. No. 2 at 9-11. Plaintiff also asserted a claim for intentional or reckless infliction of emotional distress against Defendant Nightingale. *Id*. at 11. Lastly, Plaintiff asserted claims for tortious interference and prima facie tort against Defendants Nightingale and Winn. *Id*. at 12.

In a Memorandum-Decision and Order dated February 1, 2021, the Court granted-in-part and denied-in-part Plaintiff's motion to remand her state law claims, remanded Plaintiff's state law tort claims to the Onondaga County Supreme Court, and dismissed Plaintiff's claims for violations of the New York State Human Rights Law. Dkt. No. 15. On February 3, 2021, Plaintiff filed a motion to reconsider, asking the Court to remand Plaintiff's claims for violations of the New York State Human Rights Law. Dkt. No. 17. Defendants filed a response opposing Plaintiff's motion on February 23, 2021. Dkt. No. 18. Based on the following, Plaintiff's motion is granted.

## II. BACKGROUND

For a complete recitation of the relevant background, the parties are referred to the Court's February 1, 2021 Memorandum-Decision and Order. *See* Dkt. No. 15.

## III. DISCUSSION

A.  **Motion to Remand**

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate an issue already decided." *Shrader*, 70 F.3d at 257.

Here, there is no intervening change in controlling law, nor is there new evidence not previously available. Therefore, Plaintiff's motion for reconsideration is seeking to prevent manifest injustice. Plaintiff asserts that the Court inadvertently missed her alternative claim for relief, leave to serve a late Notice of Claim with respect to her claims for violations of New York Human Rights Law. Dkt. No. 17-1 at 4. Plaintiff claims that the Court failed to consider remanding these claims so that Plaintiff could seek leave to serve a late Notice of Claim. *Id*.

The Court agrees that remand, rather than dismissal, of Plaintiff's New York Human Rights Law claims is appropriate. While the parties debate whether Plaintiff is entitled to request

leave to file a late notice of claim, that is ultimately a question that this Court cannot decide. *See Henneberger v. Cty. of Nassau*, 465 F. Supp. 2d 176, 200 (E.D.N.Y. 2006). As the Court noted in its decision, courts have applied the notice of claim requirement strictly and have dismissed actions for a plaintiff's failure to comply, *Croci v. Town of Haverstraw*, 175 F. Supp. 3d 373, 388 (S.D.N.Y. 2016) (quoting *Hardy v. N.Y. City Health & Hosp. Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999)), however, Plaintiff's attempt to seek an extension presents a question reserved for the New York state courts. *Henneberger*, 465 F. Supp. 2d at 200. Indeed, some state courts appear to have granted plaintiffs extensions regarding claims brought pursuant to Town Law § 67 despite not stating specifically that Town Law § 67 was the operative statute. *See Flynn v. Town of Oyster Bay*, 256 A.D.2d 341 (2d Dep't 1998); *Guarneri v. Town of Oyster Bay*, 224 A.D.2d 695, 695 (2d Dep't 1996); *Andreyev v. Town of Babylon*, 28 A.D.3d 653 (2d Dep't 2006). Thus, Plaintiff's motion to reconsider is granted.

**B.     Scope of Remand**

Defendants' opposition to Plaintiff's motion to remand seeks clarification as to the extent of remand regarding Plaintiff's state law claims. Dkt. No. 18 at 7. The Court notes that all parties have expressed an interest to have all claims litigated together. *See* Dkt. No. 9-5 at 2; Dkt. No. 11 at 4. However, the Court is unaware of any authority, and the parties do not present any, indicating that it may remand only a single issue to the state court. Indeed, 28 U.S.C. § 1447 only discusses remanding a "case" not an issue or motion. Further, the parties do not present the Court with any authority that the Court may reinstate its jurisdiction after remanding a case. Thus, Plaintiff's state law claims are remanded in their entirety.

However, it is within the Court's discretion to "impose[] a stay, *sua sponte*, pending resolution of the notice of claim issue in the state court to avoid confusion and duplicate effort." *MS by Cassavell-Sivere v. Rye Neck Union Free Sch. Dist.*, No. 18-CV-8283, 2019 WL 2071114, *3 (S.D.N.Y. May 10, 2019) (citing *Brown v. Metro. Transp. Auth.*, 717 F. Supp. 257, 261 (S.D.N.Y. 1989)). Similarly, it is within the Court's discretion to consider a motion to amend the complaint following remand in order to reconsider the exercise of supplemental jurisdiction. *See Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151, 160 (3d Cir. 1998); *Wilson v. Dallas Cty. Hosp. Dist.*, 715 Fed. Appx. 319, 324 (5th Cir. 2017); *Fillmore v. Brush Wellman, Inc.*, No. 3:03CV7477, 2004 WL 527167, *1 (N.D. Ohio Feb. 5, 2004).

As the parties have a expressed an interest in litigating these issues together, the Court will impose a stay *sua sponte* pending the resolution of the notice of claim issue in the state court. At which point, Plaintiff may amend her complaint to include her state law claims. Plaintiff should discuss with Defendants whether Defendants would be willing to waive any potential statute of limitation defense regarding Plaintiff's state law claims should she choose to dismiss her action in state court and then bring her state law claims in an amended complaint, thereby avoiding the parallel litigation that both parties have expressed interest in avoiding.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration (Dkt. No. 17) is **GRANTED;** and the Court further

**ORDERS** that Plaintiff's New York Human Rights Law claims are **REMANDED;** and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 16, 2021
       Albany, New York

_Mae A. D'Agostino_
U.S. District Judge