UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PATRICIA ARNOLD,

                        Plaintiff,

        v.

TOWN OF CAMILLUS, NEW YORK; POLICE CHIEF THOMAS WINN; CAPTAIN JAMES NIGHTINGALE; TOWN SUPERVISOR MARY ANN COOGAN; DAVID CALLAHAN; JOY FLOOD; DICK GRIFFO; STEVEN JAMES; MIKE LaFLAIR; MARY LUBER; and JOHN DOE(S) AND JANE DOE(S), in their individual and official capacities as officials, officers, agents, employees, and/or representatives of the TOWN OF CAMILLUS and/or THE CAMILLUS POLICE DEPARTMENT,

                        Defendants.

**ANSWER TO SECOND AMENDED COMPLAINT**

5:20-cv-01364-MAD-ML

Defendants Town of Camillus, New York ("Defendant Town of Camillus"), Police Chief Thomas Winn ("Defendant Winn"), Captain James Nightingale ("Defendant Nightingale"), Town Supervisor Mary Ann Coogan ("Defendant Coogan"), David Callahan, Joy Flood, Dick Griffo, Steven James, Mike LaFlair, and Mary Luber (collectively, "Defendants"), by and through their counsel, Bond, Schoeneck & King, PLLC, answer the allegations in the Second Amended Complaint (hereinafter "Complaint") filed by Plaintiff Patricia Arnold ("Plaintiff") as follows:

## **INTRODUCTION**

1. ADMIT that Plaintiff purports to bring this action to recover money damages for certain conduct she attributes to Defendants, but DENY that Plaintiff's allegations have any merit, and, therefore, DENY any and all allegations contained in Paragraph 1.

## JURISDICTION AND VENUE

2. ADMIT the allegations contained in Paragraph 2.

3. ADMIT the allegations contained in Paragraph 3.

## PARTIES

4. With respect to the allegations contained in Paragraph 4, ADMIT that Plaintiff is a female citizen of the United States; ADMIT that Plaintiff was employed as a Police Officer with the Camillus Police Department from April 4, 2011 to August 7, 2019; and LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to Plaintiff's residency.

5. ADMIT that Defendant Town of Camillus is a municipal corporation organized and existing under the laws of the State of New York, with a principal place of business at 4600 West Genesee Street, Syracuse, New York 13219; ADMIT that Defendant Town of Camillus employed Plaintiff from April 4, 2011 to August 7, 2019; and DENY the remaining allegations contained in Paragraph 5.

6. ADMIT the allegations contained in Paragraph 6.

7. DENY the allegations contained in Paragraph 7.

8. ADMIT the allegations contained in Paragraph 8.

9. DENY the allegations contained in Paragraph 9.

10. DENY the allegations contained in Paragraph 10.

11. DENY the allegations contained in Paragraph 11.

12. DENY the allegations contained in Paragraph 12.

## FACTS

13. DENY the allegations contained in Paragraph 13.

14. ADMIT that Plaintiff was employed as a Police Officer by Defendant Town of Camillus from April 4, 2011 to August 7, 2019; and ADMIT that Plaintiff is a female. The remaining allegations contained in Paragraph 14 state legal conclusions to which no response is required. To the extent a response is required, Defendants DENY the remaining allegations in Paragraph 14.

15. DENY the allegations contained in Paragraph 15.

16. DENY the allegations contained in Paragraph 16.

17. DENY the allegations contained in Paragraph 17.

18. DENY the allegations contained in Paragraph 18.

19. DENY the allegations contained in Paragraph 19.

20. ADMIT that Plaintiff met with Chief Winn in January 2019; and DENY the remaining allegations contained in Paragraph 20.

21. ADMIT that Plaintiff submitted a written statement to Defendant Winn on February 6, 2019; STATE that the written statement speaks for itself; ADMIT that Defendant Coogan was made aware of Plaintiff's allegations in or about February 2019; and DENY the remaining allegations contained in Paragraph 21.

22. ADMIT that Defendant Winn met with Plaintiff to inform her of the outcome of the investigation; ADMIT that Defendant Winn did not speak with the witnesses identified by Plaintiff; and DENY the remaining allegations contained in Paragraph 22.

23. DENY the allegations contained in Paragraph 23.

24. DENY the allegations contained in Paragraph 24.

25. ADMIT that on March 4, 2020, Defendant Coogan met with PBA President, Jay Pollard ("PBA President Pollard"), to discuss morale issues within the Town Police

Department; and LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25.

26. ADMIT that on March 11, 2020, Plaintiff met with Defendant Coogan for an exit interview; ADMIT that Defendant Flood was present at this meeting; ADMIT that during the meeting Plaintiff mentioned allegations of sexual harassment; and DENY the remaining allegations contained in Paragraph 26.

27. ADMIT that the PBA wrote a letter to the Board for the Town of Camillus outlining a number of morale issues within the Town Police Department (the "PBA letter"); DENY that Defendant Coogan refused to meet with the PBA; ADMIT that Defendant Coogan met with PBA President Pollard and agreed to have an outside firm investigate the issues raised in the PBA letter; ADMIT that Defendant Town of Camillus hired Phillip LeRoux of Affirmed H.R. Consulting, LLC to conduct said investigation; and DENY the remaining allegations in Paragraph 27.

28. DENY the allegations contained in Paragraph 28.

29. DENY the allegations contained in Paragraph 29.

30. DENY the allegations contained in Paragraph 30.

31. DENY the allegations contained in Paragraph 31.

32. DENY the allegations contained in Paragraph 32.

33. DENY the allegations contained in Paragraph 33.

34. DENY the allegations contained in Paragraph 34.

35. DENY the allegations contained in Paragraph 35.

36. DENY the allegations contained in Paragraph 36.

37. DENY the allegations contained in Paragraph 37.

38. DENY the allegations contained in Paragraph 38.

39. DENY the allegations contained in Paragraph 39.

40. ADMIT Plaintiff was issued a counseling memorandum in January 2018; ADMIT that with the exception of this counseling memorandum, Plaintiff had a clean disciplinary record; and DENY the remaining allegations contained in Paragraph 40.

41. DENY the allegations contained in Paragraph 41.

### AS AND FOR A FIRST CAUSE OF ACTION
### PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT
### TOWN AND DEFENDANT NIGHTINGALE

42. With respect to the allegations contained in Paragraph 42, Defendants restate and reallege their answers to the allegations contained in Paragraphs 1 through 41.

43. DENY the allegations contained in Paragraph 43.

44. DENY the allegations contained in Paragraph 44.

45. DENY the allegations contained in Paragraph 45.

### AS AND FOR A SECOND CAUSE OF ACTION
### PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT
### TOWN AND DEFENDANT NIGHTINGALE

46. With respect to the allegations contained in Paragraph 46, Defendants restate and reallege their answers to the allegations contained in Paragraphs 1 through 45.

47. DENY the allegations contained in Paragraph 47.

48. DENY the allegations contained in Paragraph 48.

49. DENY the allegations contained in Paragraph 49.

## AS AND FOR A THIRD CAUSE OF ACTION
## PURSUANT TO THE NYS HUMAN RIGHTS LAW
## AGAINST ALL DEFENDANTS

50. With respect to the allegations contained in Paragraph 50 of the Complaint, Defendants restate and reallege their answers to the allegations contained in Paragraphs 1 through 49.

51. DENY the allegations contained in Paragraph 51.

52. DENY the allegations contained in Paragraph 52.

## AS AND FOR A FOURTH CAUSE OF ACTION PURSUANT TO
## THE NYS HUMAN RIGHTS LAW AGAINST ALL DEFENDANTS

53. With respect to the allegations contained in Paragraph 53, Defendants restate and reallege their answers to the allegations contained in Paragraphs 1 through 52.

54. DENY the allegations contained in Paragraph 54.

55. DENY the allegations contained in Paragraph 55.

56. DENY the allegations contained in Paragraph 56.

## AS TO ALL CLAIMS IN THE COMPLAINT

Except as expressly admitted herein, Defendants DENY each and every allegation set forth in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, by the applicable statutes of limitations.

17178236.1 1/29/2024

## THIRD AFFIRMATIVE DEFENSE

Defendants are immune from suit based on qualified and or absolute governmental immunity and/or discretion.

## FOURTH AFFIRMATIVE DEFENSE

Any and all employment actions concerning Plaintiff were taken for good-faith, legitimate, non-discriminatory, non-retaliatory reasons.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Town of Camillus has established policies to comply with federal and state anti-discrimination laws, has acted in good faith, without intent to violate those laws, and has otherwise exercised reasonable care to prevent and promptly correct any discrimination and retaliation to which Plaintiff claims she was subjected.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because, to the extent Plaintiff complained of any alleged harassment, discrimination, and/or retaliation, Defendants took prompt, appropriate, and effective remedial action to prevent and correct such behavior upon being notified.

## SEVENTH AFFIRMATIVE DEFESNE

Plaintiff did not suffer damages as a result of any act or omission of the Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages, the existence of which is denied.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to the remedies sought, including but not limited to punitive damages. Defendants did not act toward Plaintiff with evil motive or reckless disregard for her rights, nor did they engage in any outrageous conduct directed toward Plaintiff. Furthermore, punitive damages are not available against Defendant Town of Camillus.

**TENTH AFFIRMATIVE DEFENSE**

Certain of the remedies Plaintiff seeks are barred because the remedies are not allowable pursuant to the cause(s) of action pled.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Defendants exercised reasonable care to prevent any alleged harassment, discrimination, and/or retaliation and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by the Town.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant Town of Camillus had a readily accessible and effective policy for reporting and resolving complaints of sexual harassment, and Plaintiff failed to avail herself of the same.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants did not condone any acts of harassment, discrimination, and/or retaliation, assuming any such conduct occurred.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, unclean hands, and estoppel.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert additional defenses that may become apparent during the course of this litigation.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint in its entirety, awarding them costs and disbursements, and granting other and further relief as the Court may deem just and proper.

Dated: February 5, 2024

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By: _s/ Kseniya Premo_
David M. Ferrara, Esq. (101637)
Kseniya Premo, Esq. (513773)
Hannah Redmond, Esq. (702036)
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8323
Facsimile: (315) 218-8100
Email: dferrara@bsk.com
premok@bsk.com

*Attorneys for Defendants*

17178236.1 1/29/2024